## Case No. 15,457.

### UNITED STATES v. JACKSON.

[2 N. Y. Leg. Obs. 3.]

Circuit Court, S. D. New York. 1843.

#### COURTS—JURISDICTION.

[The United States courts have no authority to try persons for crimes committed within a foreign territory, although upon the seas where the tide ebbs and flows.]

Indictment for grand larceny on the high seas.

The prisoner was indicted under the act of congress, passed 30th April, 1790, § 16 [1 Stat. 116], for a grand larceny, and charged by the indictment with being a mariner, and on the 8th day of July, 1841, on board of a certain American vessel, being a brig called the Petersburgh, on the high seas, and out of the jurisdiction of any particular state, and within the jurisdiction of the United States, of taking and carrying away 57 silver coins called Mexican mill dollars, the personal goods of some person or persons to the jurors unknown, with intent to steal and purloin the same. The second count was the same as the first, and charged that the vessel belonged in whole or in part to a certain person or persons, then and still being a citizen or citizens of the United States.

The trial came on before a jury, and the district attorney introduced the depositions of several witnesses taken de bene esse in the cause on the part of the United States, from which depositions it appeared that the Petersburgh was an American vessel, and that she was at the port of Vera Cruz in the month of July, 1841, where she took in a cargo and sailed for the port of New-York, and arrived there in the month of August following. The cargo consisted of sundry articles, and among the rest was 51,000 Mexican dollars in bags of $1,000 each, which were stowed in the hold, and afterwards in the run. The master proved that one of these bags had been cut open when he arrived at the city of New-York, and $57 missing. One of the sailors testified that the vessel had cleared at the custom-house at Vera Cruz, about 27th June, 1841; that she dropped out from the quay and cast anchor in the seas, and within the jurisdiction of this court, and that after lying there some time the captain ordered the cargo to be shifted; that the prisoner and the witness went below and moved the specie; that while in the hold, in moving the specie, he saw the prisoner stoop down, and heard the silver jingle. In a day or two after he informed the captain, who went to the prisoner's chest in the forecastle, searched it, and found about $40 in silver, which he supposed had been stolen. The prisoner was put to his duty, came home in the vessel, and when the vessel was unloaded at Brooklyn, the bag was discovered to have been cut open and again sewed up. The prisoner offered no proof as to the offence or in exculpation of his guilt.

Nash and Noble, for the prisoner, asked the court to charge the jury, that the prisoner must be acquitted on the ground that it did not appear that the robbery had been committed on the high seas, according to the averments in the indictment, and insisted that the prisoner could not be convicted, unless this fact appeared affirmatively in the proofs; that the act of congress had not given jurisdiction to this court to try the offence, unless it had been committed on the high seas, and out of the jurisdiction of any particular state, and within the admiralty and maritime jurisdiction of the United States; that the United States courts possessed no criminal jurisdiction of offences, unless brought within the words of the constitution, or the statutes or acts of congress; that the courts of the United States had no criminal common law jurisdiction, and they referred to the case of Hudson and Goodwin v. U. S., 7 Cranch [11 U. S.] 32; 1 Kent, Comm. 355; U. S. v. Wiltzburger, 5 Wheat. [18 U. S.] 97. The learned counsel insisted that the harbor of Vera Cruz was not on the high seas; that the locus in quo was not within the admiralty jurisdiction of the United States, but within the Mexican territory.

Mr. Hoffman, Dist. Atty., contra.

It was proved that the vessel was within the admiralty and maritime jurisdiction of the United States, inasmuch as the vessel was anchored where the tide ebbed and flowed. The prisoner had taken the money, and brought the same away from Vera Cruz to a place clearly upon the high sea, and brought it into the state of New-York. The offender in such a case would be liable for the larceny both in the state where he took the property and in the state where he brought it, as the stealing of the property would be one continuous taking and act.

Nash & Noble, in reply.

Where a man stole money at Utica, brought it to New-York, entered on board of a ship and sailed to Philadelphia, and was there arrested with the money stolen, he could not be indicted and convicted for stealing the property and carrying it away on the high seas, within the meaning of the act of congress.

Before THOMPSON, Circuit Justice, and BETTS, District Judge.

THOMPSON, Circuit Justice (charging jury). 1st. That it did not distinctly appear from the evidence where the vessel was situated at the time the money was stolen; that the prisoner was guilty of taking the money there could be no doubt; that if the money was stolen while the vessel was on the high seas, the jury must convict the prisoner; but if it was stolen while the vessel was in the harbor of Vera Cruz, and within the Mexican territory, that the prisoner, though morally

guilty of the grand larceny, yet he could not be punished by this court, as it had no jurisdiction in the matter, and he must be accordingly acquitted. That the act of 1790 did not authorize the United States courts to try persons for crimes committed within a foreign territory, although upon the seas where the tide ebbs and flows; that the high seas were, properly speaking, within the territory of no state or country, but wherever there was a local jurisdiction, it appears to have been excepted from the jurisdiction of the United States courts on the seas, as respects that territory.

The jury retired, and were unable to agree upon their verdict, whereupon the district attorney entered a nolle prosequi.